# EXHIBIT

# B

## UNITED STATES TAX COURT

| | |
|---|---|
| CAROLINE LOUISE PEKRUL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Docket No.  10698-18 |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) Filed Electronically |
| | ) |
| Respondent. | ) |

## MOTION TO DISMISS FOR LACK OF JURISDICTION

RESPONDENT MOVES that this case filed by Petitioner for the years 2000 through 2017, inclusive, be dismissed for lack of jurisdiction on the grounds that 1) this Petition was not filed within the time prescribed by I.R.C. § 6213(a) or § 7502, as it pertains to the Notices of Deficiency issued to Petitioner for the years 2002, 2003, 2004, 2005, and 2006, nor has Respondent made any other determination with respect to those years that would confer jurisdiction on this Court, and 2) Respondent has not made any determination with respect to Petitioner's 2000, 2001, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, or 2017 tax years that would confer jurisdiction on this Court.

IN SUPPORT THEREOF, Respondent respectfully states:

1.   On May 31, 2018, Petitioner filed a Petition concerning the above captioned case.

Docket No. 10698-18                    - 2 -

2.    Petitioner checked the boxes on the Petition
indicating that she disputes Notices of Deficiency and Notices
of Determination.

3.    However, in paragraph two of the Petition, she states
"N/A- Never received Notice of Deficiency, or Notice of
Determination Concerning Collection Action."

4.    In paragraph five of the Petition, Petitioner lists
the years 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008,
2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017 as the
years for which she never received Notices of Deficiency or
Notices of Determination.

5.    Petitioner did not attach any Notices of Deficiency or
Notices of Determination to the Petition.

**I.    Untimely Petitioned Years**

A. 2002 Tax Year

6.    According to Respondent's records, in or around
January 2010, Respondent issued a Notice of Deficiency to
Petitioner with respect to her 2002 tax year.

7.    The 90-day period for timely filing a Petition with
this Court from that Notice of Deficiency issued for the year
2002 expired in or around April 2010.  Petitioner filed this
Petition on May 31, 2018.  Thus, Petitioner failed to file her
Petition within the 90-day time period.

Docket No. 10698-18              - 3 -

8.   A copy of an IMFOLT transcript from Respondent's records showing transactions on Petitioner's 2002 Form 1040 account is attached as **Exhibit A.**

9.   Transaction Codes, which are the three digit numbers shown on the furthest left column of an IMFOLT transcript, indicates what type of action has occurred on a taxpayer's account.  Department of the Treasury, Cat No. 614620, I.R.S. Processing Codes and Information Immediately-Document 6209 (2017).  Immediately to the right of the Transaction Code is an eight digit number showing the date the transaction occurred. Id.

10.  The 300 Transaction Code on page two of Exhibit A indicates that an assessment was made against Petitioner for her 2002 tax year as a result of an Examination or Appeals adjustment to tax.  Id.

11.  Below the 300 Transaction Code, there is a Disposal Code appearing as "Disposal-CD:10."  Id.  Disposal-CD:10 indicates that Petitioner defaulted (failed to respond or Petition) on the Notice of Deficiency.  Id.  June 14, 2010, the date next to the 300 Transaction Code shows the date the assessment was made as a result of the defaulted Notice of Deficiency.  Id.

Docket No. 10698-18              - 4 -

12.   Respondent waits 120 days from the issuance of a

Notice of Deficiency before making an assessment due to default

to ensure that the time to file a Petition with the Tax Court

has expired.   I.R.M. 8.20.6.7.12 (07-01-2016).   The 300

Transaction Code date is typically around five months after the

date the Notice of Deficiency was issued.   Thus, it is likely

Respondent issued the Notice of Deficiency to Petitioner for her

2002 tax year in or around January 2010.

B. 2003 Tax Year

13.   According to Respondent's records, in or around

January 2010, Respondent issued a Notice of Deficiency to

Petitioner with respect to her 2003 tax year.

14.   The 90-day period for timely filing a Petition with

this Court from the Notice of Deficiency issued for the year

2003 expired in or around April 2010.   Petitioner filed this

Petition on May 31, 2018.   Thus, Petitioner failed to file her

Petition within the 90-day time period.

15.   A copy of a TXMODA transcript from Respondent's

records showing transactions on Petitioner's 2003 Form 1040

account is attached as **Exhibit B**.   The 300 Transaction Code on

page two of Exhibit B with a corresponding Disposal Code of 10

indicates that Petitioner defaulted on the Notice of Deficiency.

Department of the Treasury, Cat No. 614620, I.R.S. Processing

Docket No. 10698-18              - 5 -

Codes and Information Immediately-Document 6209 (2017).  The
date next to the 300 Transaction Code indicates that the
assessment was made on June 14, 2010.  Thus, it is likely
Respondent issued the Notice of Deficiency to Petitioner for her
2003 tax year in or around January 2010.

    C. 2004 Tax Year

    16.  According to Respondent's records, in or around
February 2010, Respondent issued a Notice of Deficiency to
Petitioner with respect to her 2004 tax year.

    17.  The 90-day period for timely filing a Petition with
this Court from the Notice of Deficiency issued for the year
2004 expired in or around May 2010.  Petitioner filed this
Petition on May 31, 2018.  Thus, Petitioner failed to file her
Petition within the 90-day time period.

    18.  A copy of an IMFOLT transcript from Respondent's
records showing transactions on Petitioner's 2004 Form 1040
account is attached as **Exhibit C.**  The 300 Transaction Code on
page four of Exhibit C indicates with a corresponding Disposal
Code of 10 that Petitioner defaulted on the Notice of
Deficiency.  Id.  The date next to the 300 Transaction Code
indicates that the assessment was made on July 12, 2010.  Thus,
it is likely Respondent issued the Notice of Deficiency to
Petitioner for her 2004 tax year in or around February 2010.

Docket No. 10698-18            - 6 -

### D. 2005 Tax Year

19.   According to Respondent's records, in or around February 2010, Respondent issued a Notice of Deficiency to Petitioner with respect to her 2005 tax year.

20.   The 90-day period for timely filing a Petition with this Court from the Notice of Deficiency issued for the year 2005 expired in or around May 2010.   Petitioner filed this Petition on May 31, 2018.   Thus, Petitioner failed to file her Petition within the 90-day time period.

21.   A copy of a TXMODA transcript from Respondent's records showing transactions on Petitioner's 2005 Form 1040 account is attached as **Exhibit D.**   The 300 Transaction Code on page five of Exhibit D with a corresponding Disposal Code of 10 indicates that Petitioner defaulted on the Notice of Deficiency. Id.   The date next to the 300 Transaction Code indicates that the assessment was made on July 12, 2010.   Thus, it is likely Respondent issued the Notice of Deficiency to Petitioner for her 2005 tax year in or around February 2010.

### E. 2006 Tax Year

22.   According to Respondent's records, in or around February 2010, Respondent issued a Notice of Deficiency to Petitioner with respect to her 2006 tax year.

Docket No. 10698-18          - 7 -

23.   The 90-day period for timely filing a Petition with this Court from the Notice of Deficiency issued for the year 2006 expired in or around May 2010.  Petitioner filed this Petition on May 31, 2018.  Thus, Petitioner failed to file her Petition within the 90-day time period.

24.   A copy of a TXMODA transcript from Respondent's records showing transactions on Petitioner's 2006 Form 1040 account is attached as **Exhibit E.**  The 300 Transaction Code on page five of Exhibit E with a corresponding Disposal Code of 10 indicates that Petitioner defaulted on the Notice of Deficiency. Id.  The date next to the 300 Transaction Code indicates that the assessment was made on July 12, 2010.  Thus, it is likely Respondent issued the Notice of Deficiency to Petitioner for her 2006 tax year in or around February 2010.

**II.  No Notices of Deficiency or Determination**

25.   Respondent has diligently searched his records in an attempt to determine whether a Notice of Deficiency was issued for Petitioner's 2000, 2001, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017 tax years or whether a Notice of Determination was issued to Petitioner for the 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017 tax years.

Docket No. 10698-18            - 8 -

26. Based on said diligent search, and based on a review
of Respondent's records kept in the ordinary course of business
when Respondent issues and mails a Notice of Deficiency and
Notice of Determination to a specific taxpayer, there is no
record, information, or other evidence indicating that a Notice
of Deficiency was mailed to Petitioner with respect to the
aforementioned tax years.

27. Accordingly, Respondent has determined, based upon the
foregoing, that no Notice of Deficiency sufficient to confer
jurisdiction on the Court pursuant to I.R.C. §§ 6212 and 6213(a)
has been sent to Petitioner with respect to the taxable years
2000, 2001, 2007, 2008, 2009, 2010, 2011, 2012, 2013, 2014,
2015, 2016, and 2017; and no Notice of Determination sufficient
to confer jurisdiction on this Court pursuant to I.R.C. §§ 6320
or 6330 has been sent to Petitioner with respect to taxable
years 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008,
2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, and 2017.

28. Respondent has further determined based upon the
above-described diligent search that no other determination has
been made by Respondent that would confer jurisdiction on this
Court.

Docket No. 10698-18              - 9 -

29. Petitioner has neither produced, nor otherwise demonstrated, that a Notice of Deficiency, Notice of Determination, or other determination sufficient to confer jurisdiction on this Court was mailed to Petitioner as required by I.R.C. §§ 6213(a) and 6330(d), respectively, and Tax Court Rule 34(b), or other applicable provisions of the Internal Revenue Code or Rules of this Court, instead, she alleges just the opposite—that she has never received a determination that would be sufficient to confer jurisdiction on this Court.

30. Petitioner makes no allegations of error regarding any of the 17 years she claims are at issue.

31. Respondent called Petitioner on July 10, 2018 to obtain her views on this Motion but was unable to reach her.

Docket No. 10698-18          - 10 -

     WHEREFORE, it is prayed that this Motion be granted.

<div style="margin-left:40%;">

WILLIAM M. PAUL
Acting Chief Counsel
Internal Revenue Service

</div>

Date:_____JUL **16** 2018_____

<div style="margin-left:40%;">

TRISHA S. FARROW
Attorney
(Small Business/Self-Employed)
Tax Court Bar No. FT0216
M/S 2200 PX
4041 N Central Ave.
STE 112
Phoenix, Arizona 85012
Telephone: 602-636-9622

</div>

OF COUNSEL:
BRUCE K. MENEELY
Division Counsel
(Small Business/Self-Employed)
EDWIN A. HERRERA
Area Counsel
(Small Business/Self-Employed: Area 5)
RACHAEL J. ZEPEDA
Associate Area Counsel
(Small Business/Self-Employed)

Docket No. 10698-18

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION TO DISMISS FOR LACK OF JURISDICTION was served on Petitioner by mailing the same on _____ JUL 1 6 2018 _____ in a postage paid wrapper addressed as follows:

             Caroline Louise Pekrul
             P.O. Box 785
             Wittmann, AZ 85361


Date: ____ JUL 1 6 2018 ____

                         TRISHA S. FARROW
                         Attorney (Phoenix, Group 1)
                         (Small Business/Self-Employed)
                         Tax Court Bar No. FT0216