Case Number. 19-613 T

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

(Judge Thomas C. Wheeler)

Caroline Pekrul

*Plaintiff,*

v.

THE UNITED STATES

*Defendant,*

OBJECTION OF CAROLINE PEKRUL TO UNITED STATES MOTION TO DISMISS

Plaintiff objects to Defendant's motion to dismiss on the grounds that Defendant's statements are deceptive to this court with false statements and misrepresentations about Plaintiff and the very nature of this claim. Defendant's motion to dismiss can be summarized in three simple words; "Wag The Dog"!

*"To 'wag the dog' means to purposely divert attention from what would otherwise be of greater importance, to something else of lesser significance.*

*By doing so, the lesser-significant event is catapulted into the limelight, drowning proper attention to what was originally the more important issue."*

### I. RE: Plaintiff's Legal Proceedings

In Defendant's motion, Defendant's states the dismissal of Plaintiff's petition is due to the court not having jurisdiction because the IRS did not issue the notices of deficiency or notices of determination that would grant jurisdiction to the court for adjudication. Defendant fails to state and comprehend that in fact it was the Commissioner's statements that the IRS did not have jurisdiction because the IRS failed to issue the required notices that would grant the IRS and the Commissioner jurisdiction to take Plaintiff's assets. Without the IRS following proper procedures and laws, the taking of Plaintiff's assets amounts to theft and counterfeit liens, not an over payment of a tax. The Tax Court dismissed the case because the Commissioners own words stated they lack jurisdiction because they did not follow their own rules! The Tax court simply agreed. Defendant goes on to state that Plaintiff's filings are one of a number of similar such cases, yeah? So what? Plaintiff's injuries are one of millions of similar such cases of the Commissioner and the IRS acting without jurisdiction to take assets without

following proper rules and procedures that have left untold numbers of innocent victims destitute and some driven to the point of suicide. Plaintiff is one of the few willing to stand up and challenge such flagrant abuse of authority.

## II. RE: Plaintiff's Tax Liabilities

Perhaps Defendant does not quite get it, unless the IRS, under the Commissioner, follows the proper steps to acquire jurisdiction, there are no tax liabilities, there are only jurisdiction liabilities for Defendant. Perhaps if Defendant had followed Defendant's own procedures, Defendant would not have to respond to this claim. Therefore, any so called back taxes, penalties or interest are null and void as they were issued without establishing proper jurisdiction prior to their implementation.

## RE: Argument

The court of Federal Claims is a court of limited jurisdiction and as such has the duty to examine the jurisdiction of every claim before it assumes jurisdiction over that claim. As such, by Defendant's own words, there are

numerous cases just like this one so Plaintiff is confident that the court can determine the jurisdiction of this claim and the reasons for the jurisdiction just as it does in those numerous other claims. However, to humor Defendant, this court has jurisdiction as a claim for injury from Defendant taking Plaintiff's assets without establishing jurisdiction to do so, no jurisdiction means unlawful collections. Unlawful collections mean injuries for theft and inhibiting Plaintiff's assets with counterfeit securities. Since Defendant did not establish proper jurisdiction, this is not and never has been a tax matter, this is a jurisdictional matter and a matter of injuries due to denial of due process.

## I. RE: Plaintiff's claims show a misunderstanding of the meaning of the tax court rulings

Defendant again is engaged in "Wag The Dog" strategies. The reason the tax court denied Plaintiff's petition is because, by Commissioners own admission, procedures were not followed to establish jurisdiction, therefore, the matter before the court was NOT a tax matter because Defendant did not establish jurisdiction to make it a tax matter. Simply put, when the Commissioner admitted not following proper procedures to establish

jurisdiction, and the tax court agreed, the matter then became a matter of abuse and injury.

**II. RE: Court lacks jurisdiction over Plaintiff's tax payment claims**

Again, "Wag The Dog" by Defendant. Defendant states *"Plaintiff's claim here is based solely on the tax court order of dismissal"* Apparently Defendant did not read the Plaintiff's claim. The Claim is based the Commissioner's admission that jurisdiction was not obtained because the IRS did not follow procedures (Title 26 6212, 6213a) required by law and the tax court agreed.

Defendant again "wag The Dog" with the Tucker act. This act only applies with tax matters, since the Defendant failed to establish jurisdiction before taking Plaintiff's assets, there is NO TAX MATTER, and therefore, the Tucker Act does not apply.

**III. RE: This court lacks jurisdiction over Plaintiff's claim for damages.**

Defendant misrepresents Plaintiff's claim by characterizing the claim for money damages or rather a money judgment. Plaintiff's claim is

NOT for a money judgment but for simply a "Judgment", Again, a "wag The Dog" misrepresentation.

Defendant goes on to say that that Plaintiff is bringing this case as a "Takings" case under the 5th amendment. Really? When did Plaintiff make that presentment? Defendant is attempting to mislead this court yet again with false and misleading statements. Plaintiff never made any such allegation and by Defendant stating such claims is continuing to mislead this court. Defendant knows all too well of the institutional abuses Defendant has been engaged in for many decades and now is having to face the consequences.

**Conclusion**

Plaintiff asks this court to dismiss Defendant's motion to dismiss on the grounds that Defendant has been misleading this court with false statements and allegations about this claim. Furthermore, Plaintiff asks this court to issue Judgment (Not a money judgment) in favor of Plaintiff in the amount of $ 4,338,699.89.

**Caroline Pekrul**

*/s/ Caroline Pekrul*
**Plaintiff**

Carol[...]
2362[...]
D3-285
Scottsdale AZ 85255



United States Federal Claims Court

717 Madison Place NW

Washington DC 20439