# In the United States Court of Federal Claims

No. 19-613T

(Filed:  September 4, 2019)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| CAROLINE PEKRUL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Pro Se Plaintiff; Federal Tax; Tax Liens; |
| v. | * | Tax Court; Jurisdiction |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Caroline Pekrul*, appearing *pro se*, Scottsdale, Arizona.

*Margaret E. Sheer*, with whom were *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, and *G. Robson Stewart*, Assistant Chief, Court of Federal Claims Section, Tax Division, U. S. Department of Justice, Washington, D.C., for Defendant.

## ORDER ON MOTION TO DISMISS

WHEELER, Judge.

This is a *pro se* action filed by Plaintiff Caroline Pekrul, who alleges that the United States filed "counterfeit securities and billing statements" against her and "collected money" from her "without jurisdiction." Compl. 2. She seeks over $4 million in damages. The exhibits filed with her Complaint show that the U.S. Internal Revenue Service (IRS) has filed tax liens against her property and has given her notice of intent to take a portion of her Social Security benefits to collect unpaid taxes from past years, which total over $4 million. Compl. Ex. C.

In May 2018, Plaintiff filed an action in the U.S. Tax Court disputing the same IRS assessments and actions at issue here, and in August 2018, the U.S. Tax Court granted the Government's Motion to Dismiss Plaintiff's action for lack of jurisdiction. Compl. Ex. A. The Tax Court decision was based on the grounds that (1) Plaintiff had not timely filed her

petition for some of the tax years in question, and (2) for the remaining tax years, the IRS had taken none of the actions which confer jurisdiction on the Tax Court under the statutes of the Internal Revenue Code. The Tax Court decision also noted that Plaintiff had not filed any objection to the Motion to Dismiss. Plaintiff has now filed a suit in this Court, seeking relief for the same IRS assessments and collection activities, apparently arguing that the Tax Court dismissal for lack of jurisdiction means that the IRS itself has no jurisdiction to collect taxes from her. Defendant has filed a Motion to Dismiss for lack of this Court's subject matter jurisdiction, pursuant to Rule 12(b)(1) of our Court Rules (RCFC). The Motion to Dismiss is now briefed and ready for decision.

In the Motion to Dismiss, Defendant points out that Plaintiff misunderstands the significance of the Tax Court's dismissal for lack of jurisdiction, confusing it with the power of the IRS to collect Plaintiff's tax liabilities directly through levy. Defendant argues that this Court lacks jurisdiction to hear tax dispute cases where the Plaintiff has not fully paid the taxes at issue. Plaintiff's argument against the Motion seems to be that the Tax Court denial of jurisdiction proves the IRS was wrong in assessing tax against her. Plaintiff does not address the issue of this Court's jurisdiction to hear this matter.

<u>Discussion</u>

When deciding a Rule 12(b)(1) motion to dismiss, the Court treats the undisputed facts in the complaint as true and must draw reasonable inferences in favor of the non-moving party. <u>Erikson v. Pardus</u>, 551 U.S. 89, 91 (2007). Courts hold pleadings filed by a *pro se* plaintiff to a less stringent standard and liberally construe language in the plaintiff's favor. <u>Id.</u> at 94; <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, a *pro se* plaintiff must still prove subject matter jurisdiction by a preponderance of the evidence. <u>See</u> <u>Lengen v. United States</u>, 100 Fed. Cl. 317, 328 (2011). If the Court determines at any time that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998).   Rather, a plaintiff must identify a "separate source of substantive law that creates a right to money damages" for the Court to exercise jurisdiction over a claim.  Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).   The substantive source of law allegedly violated must "fairly be interpreted as mandating compensation by the Federal Government." United States v. Navajo Nation, 556 U.S. 287, 290 (2009) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

It is not clear what theory Plaintiff is arguing to justify her claims. This Court has jurisdiction over tax refund suits if certain requirements are met. Those requirements include paying the disputed tax in the first place, and also timely filing of claims for refund with the IRS prior to filing with this Court. United States v. Elkhorn Mining Co., 553 U.S. 1, 4 (2008). Plaintiff does not claim to have paid the tax nor does she show that she has filed for a refund from the IRS. Plaintiff also attached to the Complaint a "Claim for Damage, Injury or Death" which is a federal form used to file tort claims against the federal government. Compl. Ex. C. If Plaintiff seeks recovery under a property damage or personal injury claim, which are tort claims, the Tucker Act specifically excludes tort claims. For a more extensive discussion of possible recovery theories in a similar case, see Jackson v. United States, 143 Fed. Cl. 242 (2019).

Conclusion

In this case, Plaintiff has not even attempted to show that she has paid the taxes she disputes, or that she has filed claims for a refund with the IRS. Nor has she persuasively argued an alternative theory for recovery. For those reasons, the Court finds that this Court lacks jurisdiction to hear this case. Accordingly, Defendant's Motion to Dismiss is GRANTED, and Plaintiff's complaint is DISMISSED without prejudice. The Clerk is directed to enter judgment in favor of Defendant.

IT IS SO ORDERED.

Thomas C. Wheeler
THOMAS C. WHEELER
Judge